**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 24-9350-JFW(BFMx)** | Date:  January 16, 2025 |

Title:      Jane Roe LM 89 -v- Doe 1, et al.

**PRESENT:  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                 None                                                                        None

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA STATE COURT [filed 12/9/2024; Docket No. 24]**

On December 9, 2024, Plaintiff Jane Roe LM 89 ("Plaintiff") filed a Motion to Remand Case to California State Court.  On December 16, 2024, Defendants Doe 1 and Doe 2 filed an Opposition.  On December 20, 2024, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's January 6, 2025 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    BACKGROUND**

    **A.    Procedural Background**

On August 26, 2024, Plaintiff Jane Roe LM 89 filed her Complaint (Doc. No. 1-1) in state court alleging six causes of action: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention; (5) negligent failure to warn, train, or educate plaintiff; and (6) breach of mandatory duty against Defendants Doe 1, Doe 2, Doe 3, and Does 4-100 inclusive. On October 22, 2024, prior to being served with the Complaint, Defendants Doe 1 and Doe 2 filed an Answer in state court. On October 29, 2024, Defendant Doe 1, with Defendant Doe 2's consent, removed the case to federal court based on diversity jurisdiction under 28 U.S.C. 1332(a).

In her Motion to Remand, Plaintiff contends that the parties are not completely diverse, arguing in relevant part that Doe 3 is an unincorporated association with its principal place of

business in Arcadia, California and that Doe 4 is a corporation with its principal place of business in Monterey Park, California.

### B. Factual Background

Plaintiff is a California citizen. Complaint ¶ 3; Notice of Removal ¶¶ 5-6. Defendant Doe 1 is formally known as "The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole" ("Church"). Wilson Decl. (Docket No. 26-5) ¶ 10. The Church is a Utah-based and Utah-incorporated 501(c)(3) nonprofit entity. *Id*. ¶ 4, 10. Defendant Doe 2 is the Temple Corporation of The Church of Jesus Christ of Latter-day Saints ("Temple Corporation"), which is an integrated auxiliary of the Church. *Id*. ¶ 25. The Temple Corporation is separately incorporated in Utah as a 501(c)(3) nonprofit entity and is headquartered in Utah. *Id.*

Defendant Doe 3 is the Arcadia California Stake (the "Arcadia Stake"), which is an ecclesiastical subunit of the Church. It is one of thousands of Church stakes, which are all ecclesiastical parts of the Church's worldwide organization. *Id*. ¶ 7. The Arcadia Stake does not have a separate or different mission or purpose from that of the Church. *Id*. ¶ 15. Unlike the Church and the Temple Corporation, the Arcadia Stake is not incorporated. *Id*. The Arcadia Stake is not registered with the California Secretary of State, the Arcadia Stake has no registered agent, and the Arcadia Stake owns no property. *Id*.

Defendant Doe 4 is the Corporation of the President of the Los Angeles California East Stake (the "East Stake"). *Id.* at ¶ 27. Doe 4 is a incorporated in California. Plaintiff does not allege any specific allegations against Doe 4.

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

## III. DISCUSSION

In its Notice of Removal, the Church contends that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a).

The parties do not dispute that the amount in controversy exceeds $75,000.  They also do not dispute that Plaintiff is a citizen of California and that both the Church (Doe 1) and the Temple Corporation (Doe 2) are citizens of Utah (because they are incorporated in Utah and have their principal places of business in Utah).  *See* 28 U.S.C. § 1332(c)(1).  The parties however disagree over the citizenship of the Arcadia Stake (Doe 3), and whether the East Stake (Doe 4) was fraudulently joined.

### A.   Arcadia Stake's (Doe 3's) Citizenship

Defendants contend that the Arcadia Stake is an ecclesiastical subunit or division within the hierarchical structure of the Church, and is not an independent entity for jurisdictional purposes. Thus, based on the citizenship of the Church, Defendants contend that the Arcadia Stake is a citizen of Utah. Plaintiff, on the other hand, contends that the Arcadia Stake is an unincorporated association with its principal place of business in Arcadia, California.

In this case, the Court concludes that the Arcadia Stake, like the Church, is a citizen of Utah.  An unincorporated "division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (quotations and citation omitted). As such, an unincorporated division of a corporation possesses the citizenship of its parent corporation. *See id.*

 According to Plaintiff, the Arcadia Stake is a legal entity independent from the Church because it is, *inter alia*, headed by a "Stake President," comprised of Stake clerks, secretaries, councils, and committees," maintains its own Stake Center and records, and maintains its own finances.  *See* Memorandum of Points of Authorities (Docket No. 24-1) at 4-6.  However, this hierarchical structure and these responsibilities are outlined in the Church's General Handbook, and the exhibits relied on by Plaintiff confirms the Church's control over its Stakes. *See* Welling Decl. (Docket No. 24-2) ¶ 4, Ex. 2; ¶ 5, Ex. 3.   Plaintiff's arguments are further undermined by the allegations in her Complaint.  For example, she alleges "Defendant DOE 3, is and was at all relevant times herein mentioned, a religious entity and subsidiary of DOE 1." Complaint ¶ 7.

Because the Arcadia Stake functions similarly to an unincorporated division of a corporation, the Court concludes that it is not an independent entity for jurisdictional purposes.  *See Roe AJ 1 v. Church of Jesus Christ of Latter-Day Saints,* No. 2:24-CV-02990-DC-CSK, 2025 WL 85759, at *3 (E.D. Cal. Jan. 14, 2025) ("[T]he court is not persuaded that Defendant Napa Stake is an independent entity for jurisdictional purposes. Rather, Defendants have shown that Defendant Napa Stake is controlled by Defendant LDS as one of its many places of worship and is a citizen of Utah for the purposes of diversity jurisdiction.*"); Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints*, No. EDCV 24-2150-KK-SPX, 2024 WL 5182415, at *2 (C.D. Cal. Dec. 20, 2024) ("[T]he Court finds Menifee Stake is part of defendant LDS' network of churches and is subject to defendant LDS' control, which emanates from Salt Lake City, "and thus is not an independent entity for jurisdictional purposes.").  The Arcadia Stake (Doe 3)  thus possesses the citizenship of

the Church and is a citizen of Utah.[1]

### B. The East Stake (Doe No. 4)

The Court also concludes that the East Stake was fraudulently joined, and thus disregards its citizenship for the purposes of determining whether the Court has diversity jurisdiction.

"Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

In this case, the Court concludes that there is no possibility that Plaintiff may prevail on the causes of action asserted against the East Stake. In her Complaint, Plaintiff fails to allege any specific conduct or responsibility by the East Stake and fails to include any allegations connecting the East Stake to the alleged events. Specifically, there are no allegations in the Complaint that Plaintiff ever belonged to or attended a congregation that was part of the East Stake, that Plaintiff's alleged perpetrator ever belonged to or attended a congregation that was part of the East Stake, nor that any alleged abuse occurred at a location controlled by the East Stake. *See e.g., United Computer Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (holding that defendant was fraudulently joined where claims were predicated on a contract to which the defendant was not a party); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426–27 (9th Cir. 1989) (same).

---

[1]Because the Court concludes that the Arcadia Stake is a citizen of Utah for jurisdictional purposes, the Court declines to address whether the Arcadia Stake was fraudulently joined as it has no impact on the Court's disposition of this motion.

Moreover, there is no possibility that Plaintiff could cure her Complaint to allege a colorable claim against the East Stake. Indeed, Defendants have demonstrated that neither Plaintiff nor the alleged perpetrator were members of the East Stake at any time relevant to Plaintiff's Complaint. Wilson Decl. (Doc. No. 26-5) at ¶ 31. They have also demonstrated that the ward Plaintiff belonged to at the time of alleged abuse had no affiliation with the Stake. *Id.* ¶ 30. The East Stake simply has no relation whatsoever to the events in Plaintiff's Complaint.[2]

Finally, the circumstances of Plaintiff adding the East Stake support that the East Stake was fraudulently joined. Plaintiff's counsel filed 24 distinct abuse cases in Los Angeles County Superior Court against the Church and various of the Church's internal stakes. Calderon Decl. (Doc. No. 26-1) ¶ 20. After the Church began removing these cases to federal court, Plaintiff's counsel began filing "Doe" amendments in all remaining cases in the superior court to add the same Doe 4 (the nearest incorporated Stake having California citizenship). *Id*. ¶ 21.

Accordingly, the Court disregards the East Stake's (Doe 4's) citizenship for the purposes of determining diversity jurisdiction.

The Court concludes that the Church and Temple Corporation have met their burden of demonstrating that the parties are completely diverse. Specifically, they have demonstrated that Plaintiff is a citizen of California; that the Church, Temple Corporation, and Arcadia Stake are citizens of Utah; and that the East Stake's citizenship should be disregarded. Accordingly, because the parties are completely diverse and the parties do not dispute that the amount in controversy exceeds $75,000, the Court concludes that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand Case to California State Court is **DENIED**. Plaintiff's request for additional time to conduct jurisdictional discovery is **DENIED**.

IT IS SO ORDERED.

---

[2] Plaintiff's speculative and unsupported assertion in her Motion regarding the East Stake (Doe 4) further confirms that the East Stake was fraudulently joined. *See* Memorandum of Points and Authorities (Docket No. 24-1 at 4) ("DOE 4 was the nearest incorporated Stake to DOE 3 and the El Monte ward, rendering it potentially significant should any aspects of the ward requiring oversight by an incorporated entity come into play so as to result in shared supervision, management, and control of the ward with DOE 3.").